CITIZENS' BANK & TRUST CO. *et al. v.* MRS. JESSIE H. COVINGTON *et al.*

(Division A.   Oct. 10, 1933.)

[150 So. 209.   No. 30737.]

**P. H. Lowrey**, of Marks, and **Roberson & Cook**, of Clarksdale, for appellants.

**T. N. Gore** and **P. L. Denton**, both of Marks, for appellees.

**Cook, J.,** delivered the opinion of the court.

On the 22d day of March, 1933, a demurrer was sustained to a petition filed in this cause, and from a decree sustaining the demurrer and dismissing the petition there was an appeal to this court. This appeal, being cause No. 30724, was decided October 16, 1933, and the substance of the averments of the petition there involved, and the relief sought thereby, are set forth in the opinion therein rendered. 150 So. 208.

Shortly after the rendition of the decree appealed from in the above-mentioned cause, the appellant secured writs of garnishment to be served on the Staple Cotton Discount Corporation and the Staple Cotton Co-operative Association, and also filed in the original cause, in the chancery court of Quitman county, a supplemental petition setting forth more in detail the prior proceedings in said cause, the existence of a decree rendered therein impressing a lien upon the property, real and personal, of the appellee, Mrs. Jessie H. Covington, the appointment of a receiver to take charge of the assets of the said appellee, the appointment of a commissioner to sell said property, and the action of said receiver and commissioner in taking possession of and selling the property. This petition alleged that certain named items of personal property which was subject to the lien of said decree had not been turned over to the receiver, and charged, in gen-

eral terms, that certain other property had not been delivered, and to that extent it was in the nature of a bill for discovery.

The prayer of the petition was that the receiver previously appointed "be continued as such and reappointed if necessary, or that some other suitable person be appointed as receiver with authority and direction to perform that part of the duties of the said C. C. Miller as receiver which have not heretofore been performed," and also that the appellees who have any property upon which the petitioners have a lien be directed to turn over and deliver the same to the receiver. To this petition a demurrer was sustained, and from a decree sustaining the demurrer this appeal was prosecuted.

We do not think the petition sets forth facts that would warrant the appointment of another receiver. The record discloses that the original receiver has not been discharged, and by the original decree he was directed to take possession of all the property which was thereby impressed with a lien; and when a receiver has been appointed, he "remains in office without further order to that effect until the duties for which he has been appointed have been fully accomplished." Griffith's Chan. Prac., sec. 480. There is no averment in the petition that any property has been withheld from the receiver after demand therefor. The fact, if it be a fact, that the receiver has taken possession of only a part of the property upon which a lien was impressed does not relieve him of the further duty of carrying out the mandate of the court as found in the original decree, which is still in full force and effect. The process of the courts is available to appellants to enforce the terms of the original decree.

In so far as the petition sought a discovery, it is subject in some vital respects to the same criticisms as was the petition in cause No. 30724, referred to above, and is not maintainable. The decree of the court below will therefore be affirmed, and the cause remanded.

Affirmed and remanded.